UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MONICA ROHENA-MORALES,
    Plaintiff,

CASE NO.:
3:16cv1085-J-39JBT

v.

SUPER NAILS OF PALM COAST, L.L.C., and
HUNG H. NGUYEN,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MONICA ROHENA-MORALES, brings this lawsuit against the above captioned Defendants, SUPER NAILS OF PALM COAST, L.L.C., ("SUPER NAILS") and HUNG NGUYEN for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay lawful overtime compensation.

### INTRODUCTION

1. Overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a). It requires minimum wage and overtime pay for non-exempt employees. 29 U.S.C. § 213.

2. Plaintiff worked for Defendants as a nail technician from October of 2014 until February 2, 2016, at Defendants' nail salon in Palm Coast, Florida.

3. Plaintiff regularly worked in excess of forty (40) hours per workweek but Defendants failed to maintain accurate time records and failed to properly pay overtime as required

under the FLSA.

4. Defendants willfully and intentionally failed to pay Plaintiff's lawful overtime owed to her under the FLSA.

5. Plaintiff sues Defendants for failing to compensate her for overtime hours worked in excess of forty (40) hours per workweek in violation of the FLSA.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§ 201-219, inclusive.

7. This Court has personal jurisdiction over this action because the Defendants are engaged in business within the state of Florida.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because acts complained of herein took place in this District.

## FACTUAL ALLEGATIONS

9. Defendant, SUPER NAILS, is a for-profit corporation, licensed in the State of Florida, which owns and operates a nail salon, with its principle place of business at 1475 Palm Coast Parkway, NW, Suite 108, Palm Coast, Florida 32137.

10. Defendant, SUPER NAILS, conducts substantial business in Florida.

11. Defendant, SUPER NAILS, regularly employs numerous technicians and clerks.

12. Defendant, SUPER NAILS, is an "employer" as defined by 29 U.S.C. § 203(d).

13. At all times relevant to this action, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

14. Defendant, SUPER NAILS, has employees subject to the provisions of the FLSA in the facility where Plaintiff was employed.

15. Defendant, SUPER NAILS, employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce", and "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person", as defined by 29 U.S.C. §203(s)(1)(A)(i). Thus, Defendant, SUPER NAILS, is an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA.

16. Plaintiff reasonably believes that during Plaintiff's employment, Defendant, SUPER NAILS, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

17. Defendant, HUNG NGUYEN, owned and operated SUPER NAILS at all times material to this action.

18. Defendant, HUNG NGUYEN, personally supervised the Plaintiff and other employees at the business location.

19. Defendant, HUNG NGUYEN, was acting directly or indirectly in the interest of Defendant, SUPER NAILS, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

20. Defendant, HUNG NGUYEN, at all material times, performed the duties of a statutory employer including but not limited to: setting pay rates, changing pay rates, setting work schedules, allotting specific hours worked, setting quotas, and directing job duties and tasks. Thus, he is a statutory employer under 29 U.S. C. § 203(d).

21. At all times relevant to this action, Plaintiff resided in Flagler County, Florida.

22.     Plaintiff worked as a nail technician at Defendants' store location in Flagler County from approximately October of 2014 until February 2, 2016.

23.     Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

24.     Plaintiff was an employee of Defendants and at all times relevant to violations of the FLSA was engaged in commerce as defined by the FLSA.

25.     Plaintiff regularly and customarily worked well in excess of forty (40) hours per workweek on behalf of Defendants.

26.     Plaintiff's responsibilities and actual circumstances of her work, which included stocking inventory, cleaning, painting nails, performing manicures and pedicures, greeting customers, scheduling appointments, performing cashier transactions, and other tasks, make clear that she was an employee who was not exempt under the FLSA.

27.     Plaintiff's schedule was set by Defendants and she was required to stay additional time over and above what the schedule dictated in order to accommodate the Defendants' walk-in customers. Plaintiff was assigned a station to perform her work but was never charged a rent or lease fee for its use.

28.     Defendant, SUPER NAILS, supplied it employees, including the Plaintiff, with the products needed for the services provided at the location. Some but not all of these supplied products included polishes, acrylics, soaps, hardware, and other necessary supplies.

## OVERTIME DUE UNDER THE FLSA

29.     As cited above, Plaintiff regularly and routinely worked in excess of forty (40) hours per workweek for Defendants.

30.     Plaintiff did not receive all compensation owed to her for hours worked in excess

4

of forty (40) hours in any given workweek.

31. Further compounding the foregoing violation, Defendants failed to maintain adequate time and pay records pertaining to Plaintiff.

32. All employers subject to the FLSA must maintain and preserve records describing the wages, hours and working conditions of their employees.

33. To the extent records are unavailable, Plaintiff may establish the hours worked solely by testimony and the burden of overcoming such testimony shifts to the Defendants. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

34. Defendants' failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999).

35. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours she performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §207.

36. The conduct alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Due to Defendants' willful FLSA violations, Plaintiff alleges she suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and any other remedy available under the FLSA.

**WHEREFORE** Plaintiff, Monica Rohena-Morales, prays that:

a.  Defendants are found in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violations of the FLSA were and are willful;

b.  She receives overtime compensation for all the previous hours worked over forty (40) hours, that she did not receive at least one and one-half time compensation for, in any given week during the past three years, and liquidated damages of an equal amount of the unpaid overtime compensation; in addition interest on said award pursuant to § 216 of the FLSA.

c.  That the Court award attorneys' fees and costs pursuant to § 216 of the FLSA; and

d.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues and questions of fact raised by this Complaint.

Dated: 8/18/16

Respectfully submitted,

*/s/ N. Ryan LaBar*

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)