**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MONICA ROHENA-MORALES,

      Plaintiff,

v.                                                              Case No. 3:16-cv-1085-J-39JBT

SUPER NAILS OF PALM COAST,
L.L.C. and HUNG H. NGUYEN,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve

Settlement (Doc. 6; Motion). Plaintiff initiated this action on August 25, 2016, seeking

recovery pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

(Doc. 1; Complaint). Plaintiff's position was that Defendants owed her $3,784.85 in

unpaid overtime wages. Motion at 1. The parties report that they have now settled this

action. See generally Motion. Specifically, they represent that in accordance with the

settlement:

> The Defendants have agreed to pay Ms. Rohena-Morales
> $3,784.85 in past overtime pay and $3,784.85 in liquidated
> damages to resolve this matter. The Defendants have
> agreed to pay $3,020.00 in fees and costs to Plaintiff's
> counsel, Ryan LaBar, Esq., in addition to, the $7,569.70
> referenced above. The total of all payments is $10,589.70.
> The negotiation of the Plaintiff's settlement was completely
> unrelated to the resolution of proposed fees and costs
> offered to be paid in this case.

Motion at 2.

The provisions of the FLSA are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver. See Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982); Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 204 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Therefore, if Plaintiff's claims have been compromised, the parties are required to submit the Settlement for the Court's review as to whether the proposed Settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  See Lynn's Food Stores, Inc., 679 F.2d at 1355.

In this case, the parties assert that "[a]rguably no judicial review is necessary because there was no compromise of the alleged amounts due." Motion at 3. The Court agrees. The FLSA "contemplates that the wronged employee should receive his full wages plus the penalty [liquidated damages] without incurring any expense for legal fees or costs." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (internal quotations and citations omitted).  Inasmuch as Plaintiff sought and received both her actual and liquidated damages, as provided by the FLSA, no judicial approval of the settlement is necessary.

Accordingly, after due consideration, it is

**ORDERED:**

1.     The parties' Joint Motion to Approve Settlement (Doc. 6) is **DENIED as moot**.

2.     On or before **November 30, 2016**, the parties shall file a joint notice of stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41, signed by both parties or otherwise move to reopen this case. If the parties fail to file a notice or fail to

move the Court to reopen this case on or before **November 30, 2016,** this case shall be automatically dismissed without prejudice.

      3.     The Clerk of the Court shall administratively close this file and terminate any pending motions.

      **DONE** and **ORDERED** in Jacksonville, Florida this 7th day of November, 2016.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record